

**IN THE UNITED STATES DISTRICT COURT**
FOR THE NORTHERN DISTRICT OF TEXAS
SHERMAN DIVISION

SEP 0 4 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

RACQUEL VEALS
Plaintiff,

v.



4:25cv970 SDJ/BD

LOUIS DEJOY, Postmaster General,
United States Postal Service
Defendant.

## COMPLAINT

### I. Jurisdiction and Venue

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and other applicable federal statutes prohibiting discrimination and retaliation in federal employment.

2. Jurisdiction is proper in this Court pursuant to 42 U.S.C. §2000e-5(f)(3).

3. Venue is proper under 28 U.S.C. §1391 because the events giving rise to Plaintiff's claims occurred in Lewisville, Denton County, Texas, which is within the Sherman Division of the Northern District of Texas.

### II. Parties

4. Plaintiff, Racquel Veals, is an individual residing in Argyle, Texas, and at all times relevant to this action, was employed by the United States Postal Service in Lewisville, Texas.

5. Defendant, Louis DeJoy, is the Postmaster General of the United States Postal Service and is sued in his official capacity. The United States Postal Service may be served through the Postmaster General at 475 L'Enfant Plaza SW, Washington, DC 20260, and through the United States Attorney for the Northern District of Texas, 101 East Pecan Street, Sherman, TX 75090.

### III. Exhaustion of Administrative Remedies

6. Plaintiff timely initiated contact with an EEO Counselor and subsequently filed a formal complaint of discrimination and retaliation  with the United States Postal Service.

7. On June 12, 2025, the Agency issued its final decision dismissing Plaintiff's claims.

8. Plaintiff is filing this civil action within 90 days of receipt of that final decision, as required by law.

### IV. Statement of Facts

9. Plaintiff began employment with the U.S. Postal Service as a Rural Carrier Associate (RCA) on or about September 2019.

10. During her employment, Plaintiff was subjected to discrimination and retaliation, including but not limited to:
  - Unequal treatment compared to similarly situated employees;
  - Denial of fair work opportunities and scheduling;
  - Retaliatory actions following Plaintiff's engagement in protected EEO activity.

11. Defendant's actions created a hostile and retaliatory work environment that caused Plaintiff harm, including emotional distress and lost wages.

### V. Claims for Relief

Count I – Discrimination (Title VII)

12. Defendant discriminated against Plaintiff based on race, disability, and age  in violation of Title VII of the Civil Rights Act of 1964.

Count II – Retaliation

13. Defendant retaliated against Plaintiff for engaging in protected EEO activity, also in violation of Title VII.

### VI. Damages

14. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer:
  - Emotional distress, humiliation, and mental anguish;
  - Loss of income, wages, and benefits;
  - Other financial and non-financial damages.

### VII. Relief Requested

Plaintiff respectfully requests that this Court grant the following relief:

A. A declaratory judgment that Defendant's conduct violated Title VII and applicable laws;

B. Injunctive relief prohibiting further discrimination and retaliation;

C. Reinstatement or front pay if applicable;

D. Back pay and lost benefits;

E. Compensatory damages for emotional distress;

F. Costs and such further relief as the Court deems just and proper.

### VIII. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Racquel Veals

Racquel Veals
1045 Westwood Ln
Argyle, TX 76226
214-214-1035
racquelveals@gmail.com

Plaintiff, Pro Se

Date: 9/3/2025