**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **RACQUEL VEALS** | § | |
| | § | |
| **v.** | § | **NO. 4:25-CV-00970-SDJ-BD** |
| | § | |
| **DAVID STEINER,** ***Postmaster General,*** | § | |
| ***United States Postal Service*** | § | |

## MEMORANDUM OPINION AND ORDER

Pro se plaintiff Racquel Veals sued defendant David Steiner, the United States Postmaster General, under Title VII of the Civil Rights Act of 1964, alleging that the United States Postal Service ("USPS") discriminated and retaliated against her. Dkt. 1. Veals then filed a motion for appointment of counsel. Dkt. 4. The motion will be denied.

## BACKGROUND

At this stage, the facts alleged in the complaint are assumed to be true. According to the complaint, Veals worked as a Rural Carrier Associate for USPS. Dkt. 1 at 1. During her employment, she was subjected to discrimination and retaliation in the form of: (1) unequal treatment, (2) denial of work opportunities and scheduling, and (3) retaliatory actions after she engaged in protected activity. *Id.* She alleges that "[USPS]'s actions created a hostile and retaliatory work environment." *Id.* at 2.

Veals filed a motion for leave to proceed in forma pauperis, Dkt. 3, which the court granted, Dkt. 6. She also moved for appointment of counsel. Dkt. 4. In that motion, she lists "Texas Legal Aid" and the "Texas State Bar Ass[ociation]" as two "attorneys" who refused to represent her without payment and notes that she is unable to pay for an attorney. *Id.* She does not make any argument or cite any legal authority in the motion. *Id.*

## LAW

Title VII permits the court to appoint counsel for plaintiffs "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). When determining whether the appointment of

counsel is appropriate, the court considers three factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck, & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)). Those *Caston* factors, no one of which is conclusive, are just "ingredients in the total mix of relevant information which should guide the discretion of the district court." *Caston*, 556 F.2d at 1310. The plaintiff bears the burden of persuasion. *Id.*

The court can also appoint counsel for an indigent party under 28 U.S.C. § 1915(e)(1) (formerly § 1915(d), *see* n. to 1996 amendment), which permits the court to "request an attorney to represent any person unable to afford counsel." In cases discussing appointment of counsel under that statutory language, courts frequently rely on the test announced in *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982) (citing former § 1915(d)). According to *Ulmer*, the court should appoint an attorney only when the case presents exceptional circumstances. 691 F.2d at 212. To determine whether there are exceptional circumstances, the court considers:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 213 (citations omitted). "The district court should also consider whether the appointment of counsel would be a service to [the plaintiff] and, perhaps, the court and defendant[s] as well, by sharpening the issues in the case, shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination." *Id.*

## DISCUSSION

The *Caston* and *Ulmer* standards are not interchangeable. *Gonzalez*, 907 F.2d at 580; *see Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013); *Buesgens v. Snow*, 169 F. App'x 869, 871 (5th Cir. 2006). Because Veals sued under Title VII and is proceeding in forma pauperis, the court will consider both standards. Neither supports her request.

**A. *Caston***

The first *Caston* factor looks to the merits. Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). At the pleading stage, the plaintiff need not present evidence; she must only "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016).

To state a case of disparate treatment, an employee must allege "(1) an adverse employment action, (2) taken against [her] because of [her] protected status." *Hamilton v. Dallas County*, 79 F.4th 494, 502 (5th Cir. 2023) (quotation marks omitted). And to state a retaliation claim under Title VII, a plaintiff must allege that: (1) she engaged in protected activity, (2) she suffered a materially adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *Norsworthy v. Hou. ISD*, 70 F.4th 332, 336 (5th Cir. 2023). A materially adverse employment action in the retaliation context is one that would dissuade a reasonable employee from making or supporting a charge of discrimination. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *see Muldrow v. City of St. Louis*, 601 U.S. 346, 357 (2024).

The complaint alleges that USPS subjected Veals to discrimination based on her race, disability, and age, Dkt. 1 at 1–2, the first of which is an actionable characteristic under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). But Veals fails to plead any facts indicating what adverse actions USPS subjected her to, how those actions relate to her protected status, or what protected activity she engaged in. *See* Dkt. 1. Further, although she makes unclear allegations regarding exhaustion of administrative remedies, *id.* at 1, Veals has not provided the court with any documents she submitted to or received from the Equal Employment Opportunity Commission ("EEOC"). *See Gonzalez*, 907 F.2d at 580 (holding that the determination of the EEOC is "highly probative" in deciding whether to appoint counsel in a subsequent judicial proceeding and quoting *Caston*, 556

F.2d at 1309). As such, the first *Caston* factor weighs against appointing counsel. *See Neal v. City of DeSoto*, No. 3:19-CV-0686-L-BH, 2019 WL 13470527, at *1–2 (N.D. Tex. Mar. 22, 2019) (Ramirez, J.).

The second factor also weighs against appointing counsel because the motion says nothing about Veals's efforts to obtain counsel. *See* Dkt. 4; *Yendluri v. Cognizant, Inc.*, No. 4:24-CV-01120-ALM-BD, 2025 WL 1210537, at *2 (E.D. Tex. Apr. 25, 2025). Instead, Veals just lists two attorney groups, not specific attorneys, that purportedly refused to represent her. Dkt. 4.

As to the third factor, in granting Veals's motion to proceed in forma pauperis, the court concluded that she did not have the financial ability to pay the filing fee. Dkt. 6. As such, the third factor weighs in favor of appointment of counsel. *See Haule v. ACLU of Tex.*, No. 1:17-CV-944-RP-ML, 2018 WL 11471546, at *2 (W.D. Tex. Feb. 12, 2018).

That showing, however, is insufficient standing alone. Under *Caston*, Veals has not established a basis for the court to appoint counsel. If her complaint were to survive a motion for summary judgment, the court would entertain another motion for appointment of counsel at that stage.

**B. *Ulmer***

Veals presents no argument related to any of the *Ulmer* factors. *See* Dkt. 4. On balance, those factors likewise weigh against her request for appointed counsel.

**1. The type and complexity of the case**

Veals's case does not appear to be particularly complex. The complaint asserts just two Title VII claims against a single defendant. Dkt. 1. Some of the factual allegations may support additional claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* But adding those claims to the mix would not appreciably increase the case's complexity. This factor therefore weighs against Veals's motion. *See Pogue v. Sw. Credit Sys., L.P.*, No. 3:18-CV-01782-G (BT), 2018 WL 6088726, at *1–2 (N.D. Tex. Nov. 21, 2018).

**2. Veals's ability to adequately present her case**

Veals has demonstrated some ability to adequately present her case. She has filed a complaint, several motions, and a response and sur-reply to USPS's motion to dismiss. Dkts. 1, 3, 4, 12, 14. Her response to the motion to dismiss did not cite legal authority, but it did attach several exhibits that Veals contends support her claims. *See* Dkt. 12. This factor weighs neutrally. *See Williams v. Apple Inc.*, No. 4:24-CV-00750-ALM-BD, 2025 WL 929216, at *2 (E.D. Tex. Mar. 27, 2025).

**3. Veals's ability to adequately investigate**

Veals has demonstrated an ability to adequately investigate her case. She obtained and provided the court with exhibits attempting to document the timeline of her claims. *See* Dkts. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6. This factor weighs against appointing counsel. *See Thomas v. Albertsons, Inc.*, No. 4:25-CV-00648-ALM-BD, 2025 WL 2268256, at *2 (E.D. Tex. Aug. 4, 2025).

**4. The nature of the evidence**

Discovery would presumably yield evidence beyond that attached to the motion to dismiss and response. Dkts. 11, 12. At this stage, however, the nature of any such evidence is unknown, so this factor weighs neutrally. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (noting that the court's "review of the record indicates that the evidence will consist primarily of official records and other documentary type evidence" but stating that the court could not yet say whether the evidence would consist in large part of conflicting testimony).

**5. Whether counsel would provide service**

In almost every case, the appointment of counsel would be a service to the plaintiff, the court, and the defendants because a lawyer is trained in the law and in courtroom procedure and can therefore sharpen the issues in the case, shape the examination of witnesses, and shorten trial. This case, however, does not currently present any exceptional circumstances that would amplify the benefit of that service. *See Byrd v. Lindsey*, 736 F. App'x 465, 467 (5th Cir. 2018) (affirming the district court's finding that the movant's alleged mental illness was not an exceptional circumstance that warranted the appointment of counsel); *cf. Naranjo v. Thompson*, 809 F.3d 793, 798, 800 (5th Cir. 2015) (finding that the district court did not clearly err in finding exceptional

circumstances when the movant "was barred from viewing and responding to discovery that [the] defendants had filed under seal due to security concerns"). As noted, if Veals's case survives a motion for summary judgment, she may file, and the court will consider, a second motion for appointment of counsel. Any such motion would need to discuss the factors identified in this order.

## CONCLUSION

It is **ORDERED** that the motion to appoint counsel, Dkt. 4, is **DENIED**.

So **ORDERED** and **SIGNED** this 19th day of August, 2026.

Bill Davis
United States Magistrate Judge